UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHERYL J. THOMAS                                                              PLAINTIFF

V.                                                          NO. 3:19-CV-222-KHJ-FKB

ALLSTATE INSURANCE COMPANY;                                                  DEFENDANTS
MIRTALA MOORE; JOHN DOE ENTITIES 1-5;
and JOHN DOE PERSONS 1-5

ORDER

Before the Court are various motions in limine filed by the Parties. For the reasons below, the Court finds the following:

1. Defendant Mirtala Moore's Motion *in Limine* to Exclude Reference to Allstate [52] is granted;

2. Moore's Motions *in Limine* to Exclude Plaintiff from Seeking Damages for Medical Treatment Not Related to the Accident [53] is denied;

3. Defendant Allstate's Motion *in Limine* [54] is granted; and

4. Plaintiff Cheryl J. Thomas' Motion *in Limine* [55] is granted in part and denied in part.

I. Background

In March 2016, Thomas was backing out of a parking spot in the Big Lots parking lot in Clinton, Mississippi. [1-2], ¶ 6. At the same time, Moore backed out of her spot and collided with Thomas' vehicle. *Id.*, ¶ 7. Thomas alleges Moore's negligence caused this accident. *Id.*, ¶¶ 6-7.

Moore's liability insurer, State Farm Insurance Company, tendered Thomas $25,000 for the accident — the policy limit. *Id.*, ¶ 8. Thomas contends her damages exceed this amount, and therefore, Moore was an underinsured driver. *Id.*, ¶ 7-8. Allstate insures Thomas for uninsured/underinsured motorist coverage for bodily injury. *Id.*, ¶ 9. Allstate agrees Thomas' policy covers any judgment Moore's policy does not cover, not to exceed Thomas' policy limit. [52] at 1.

Trial is set for August 2021. Text-Only Order dated December 30, 2020. Parties have brought various motions *in limine* seeking exclusion of certain evidence and information at trial.

II. Standard

The purpose of a motion *in limine* is to preclude opposing counsel from "mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds." *Parker v. Tyson Foods, Inc.*, 499 F. Supp. 3d 297, 299 (S.D. Miss. 2020) (quoting *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977)). Though the granting of a motion *in limine* "does not preclude the party sponsoring the evidence from revisiting the issue at trial," the issue must be raised "outside the jury's presence." *Id.* (quoting *United States v. Beasley*, No. 3:20-CR-36-DPJ-LRA, 2020 WL 6438255, at *1 (S.D. Miss. Nov. 2, 2020)).

III.   Defendant Moore's Motions

   A.   Motion *in Limine* to Exclude Reference to Allstate [52]

Moore asks the Court to exclude all references to Allstate as a party from "any statement, evidence, or remark before the venire or jury." [52] at 1. Moore argues that such references have no relevance to the issues the jury must decide and that any probative value is outweighed by unfair prejudice and the risk of confusing the jury. *Id.* at 3. In support, Moore cites *Heflin v. Merrill*, 154 So. 3d 857 (Miss. 2014).

In *Heflin*, the Mississippi Supreme Court affirmed the trial court's exclusion of an insurer's role in an underinsured motorist trial because it was irrelevant under Mississippi Rule of Evidence[1] 402, unfairly prejudicial under Rule 403, and improper insurance evidence under Rule 411. *Id.* at 860-63. The *Heflin* court held the insurer's role "would have been no help in deciding the issues before the jury" and "would have risked a mistrial by allowing the plaintiff to use insurance to prove the defendant's negligence." *Id.* at 861. The court held that allowing the jury to hear "that a party provides underinsured motorist coverage on the plaintiff's car actually 'increase[s] the risk of jury confusion[,] because the jury would first be told that the defendant is an insurer, but would then be advised that this is irrelevant and should play no role in their evaluation.'" *Id.* at 862 (quoting *Bardis v. First Trenton Ins. Co.*, 971 A. 2d 1062, 1069 (N.J. 2009)). The Mississippi Supreme Court added that allowing the insurer's role to be known would undermine M.R.E. 411 as "a

---

[1] The relevant Mississippi rules are identical to their federal counterparts.

backdoor attempt to use insurance to inflate the jury's verdict" rather than decide the damages issue. *Id.*

Thomas responds that she should be able to identify Allstate as a party because "[a] party is a party; and a party should be able to be identified in front of the jury so that the jury can adequately assess their credibility and make a fair determination of the issues involved in the case." [57] at 1. Thomas tries to distinguish *Heflin* by pointing out that the insurer there stipulated to liability and Allstate has not. *Id.* at 2. Thomas also argues that Allstate's position on liability conflicts with Moore's position because Moore has admitted liability. *Id.* Unlike Moore, then, Thomas asserts this case presents two issues—Moore's liability and the amount of Thomas' damages—where in *Heflin*, only the amount of damages was in dispute. *Id.* at 1-2.

Federal Rule of Evidence 411, however, specifically excludes evidence showing that a party is insured or not insured to establish liability. Further, whether Thomas' damages are covered by her underinsured motorist insurance does not make Moore's alleged negligence more or less likely, nor does it have any probative value as to the amount of damages. Allstate's role therefore is not relevant under Federal Rule of Evidence 401. Finally, the Court agrees with the Mississippi Supreme Court in *Heflin* that any relevance Allstate's role may have is outweighed by the risk of confusion for the jury and will unfairly prejudice Moore. 154 So. 3d at 863.

4

Thomas points to the Court's previous decision in *Brignac v. State Farm Mutual Automobile Insurance Company*, No. 1:13-CV-437-HSO-RHW (S.D. Miss. Mar. 19, 2015). But in that case, the Court distinguished *Heflin* because the only defendant was insurer State Farm, and the jury would be confused with no named defendant. *Id.* at 4. Here, as in *Heflin*, both the alleged tortfeasor—Moore—and the insurer—Allstate—are named as defendants. Excluding reference to Allstate does not force Thomas to fight an "invisible" defendant, [57] at 3, but focuses the fight on the actual issues—Moore's liability and Thomas' damages. And because the Court already found that Allstate's coverage of Thomas' claim is irrelevant to the Moore's negligence and the amount of damages, Allstate's role here is not so central that it would confuse the jury if its presence as a party is not known to the jury. *See id.*

The Court therefore grants Moore's Motion *in Limine* to Exclude Reference to Allstate [52].

### B. Motion *in Limine* to Exclude Plaintiff from Seeking Damages for Medical Treatment Not Related to the Accident [53]

Moore argues the Court should limit Thomas' damages to those related to a left shoulder injury because Thomas stated in her deposition that she injured only her shoulder in the accident. [53] at 1-3. Thomas responds that she testified only to her opinion based on the pain she felt but that her experts attribute this pain to a neck injury. [58] at 1-2. She supports this contention by her physician's notes from

5

December 2016, which purportedly[2] state that the shoulder pain comes from a neck injury. *Id.* at 2.

The Court does not find that exclusion of evidence of other related injuries – such as a potential neck injury that could cause shoulder pain – is warranted at this point. Though Thomas' testimony may undercut her legal position on her damages, she will be allowed to present other relevant evidence to establish her damages. The Court denies Moore's Motion *in Limine* to Exclude Plaintiff from Seeking Damages for Medical Treatment Not Related to the Accident [53].

IV.   Allstate's Motion *in Limine* [54]

Allstate seeks to exclude multiple pieces of evidence, which the Court addresses in turn.[3]

   A.   Allstate's Role in this Action

Allstate reiterates Moore's arguments about the exclusion of any reference to Allstate's role in this litigation. [54] at 1-3. As explained above, *see supra* Section III.A, the Court finds the Parties should not reference Allstate's role as Thomas' underinsured motorist insurer in front of the jury and grants Allstate's motion on this topic.

---

[2] Thomas does not provide the Court with a copy of these notes as an exhibit.
[3] Allstate moves to join Moore's motions. [54] at 3. Because the Court has ruled on these motions, it will not separately address Allstate's joinder but will apply those rulings equally to Allstate.

6

B. Offers of Settlement and Filing this Motion

Allstate argues that the Court should exclude Thomas from disclosing any offers of settlement or compromise at trial or from disclosing the fact that Allstate filed its Motion *in Limine*. [54] at 3. Thomas agrees to these exclusions, [59] at 3, and the Court grants Allstate's motion on these topics.

V. Plaintiff Thomas' Motion *in Limine* [55]

Thomas asks the Court to exclude certain topics. The Court addresses each argument below.

A. Taxation

Thomas asks the Court to exclude any reference to whether any recovery would be taxable. [55] at 1. Moore does not oppose this request.[4] [59] at 1. The Court therefore grants the motion on this topic.

B. Date Thomas Retained Counsel

Thomas requests that the Court preclude Defendants from referencing the date she retained an attorney and any inferences that may be drawn from this date. [55] at 1. Moore agrees not to reference this date and will not make inferences solely based on this date. [59] at 1. The Court grants the motion on this topic.

C. Thomas' Attorney's Advertisements

Thomas asks the Court to preclude Defendants from arguing her claims have less merit because her attorney's firm advertisements. [55] at 1-2. Moore does not object, [59] at 3, and the Court grants the motion on this topic.

---

[4] Allstate filed no response to Thomas' Motion *in Limine* [55].

D. Thomas' Criminal Activity

Thomas generally argues that the Court exclude any evidence she has been accused or convicted of any criminal activity. [55] at 2. Moore does not object to this request, except that the Court should allow evidence if it falls under Federal Rule of Evidence 609. [59] at 3. Because Thomas does not argue that Rule 609 cannot apply, the Court will grant in part and deny in part this request. The Court will exclude this evidence unless it falls within Rule 609.

E. Thomas' Unrelated Litigation

Thomas asks the Court to exclude any mention of her unrelated prior or subsequent claims, suits, or settlements. [55] at 2. She does not identify any specific, unrelated litigation in which she is involved. Moore requests that the motion be denied without prejudice for lack of specificity, and the Court agrees. *See Dey v. State Farm Mut. Ins. Co.*, No. 1:12-CV-332-HSO-RHW, 2014 WL 11906645, at *3 (S.D. Miss. Jan. 2014) (denying without prejudice a request to exclude prior or subsequent claims or settlements for lack of specificity). The Court therefore denies without prejudice the motion on this topic.

F. Thomas' Other Accidents and Injuries

Thomas requests that the Court exclude mention of her previous accidents or injuries. She points to a wreck involving a drunk driver and a fall on an escalator, both of which occurred 20 years ago. [55] at 2. Moore agrees on the drunk driver incident but disagrees on escalator accident because her injuries in that accident were "very similar" to the ones here. [56] at 3-4. The Court does not have enough

information to determine whether the fall down the escalator or any unspecified accidents are relevant or not. The Court therefore grants the motion on the drunk driver accident but denies it without prejudice as to any other accidents or injuries.

G. Thomas' Unrelated Medical or Health Conditions

Thomas asks the Court to exclude any of her unrelated medical conditions, including a previous stroke occurring eight years ago. [55] at 2. Moore agrees to the exclusion of the stroke, but not to any unspecified medical conditions. [56] at 4. Because the Court cannot determine the relevance of unspecified evidence, it grants the motion as to the stroke but denies it without prejudice as to all other medical conditions.

H. Thomas' Motion *in Limine* on Any Court Ruling

Thomas asks the Court to preclude the Defendants from referencing her motion and any Court ruling in front of the jury. [55] at 2. Moore does not object to this request but asks that it be applied equally to all parties and all motions *in limine*. [56] at 4. The Court grants the motion.

I. Documents Not Produced During Discovery

Thomas requests that the Court exclude all documents not produced during discovery.[5] [55] at 2. Moore agrees the Court should exclude all documents not produced during discovery should be excluded unless used for impeachment

---

[5] Thomas cites only Mississippi state court cases and state court rules, which are not binding on this Court.

9

purposes. [56] at 4. The Court grants the motion. The Court excludes all documents not produced during discovery except for impeachment purposes.

J.   Thomas' Insurance

Thomas asks the Court to exclude "[t]he ownership of liability insurance coverage, health insurance coverage, or any assignment of benefits by Plaintiff, as such mention violates the collateral source rule and Federal Rules of Evidence 403 and 411."[6] [55] at 3. Moore agrees, but asks to reserve the right to cross-examine Thomas if she opens the door to this evidence. [56] at 4-5. The Court grants the motion. But if Thomas opens the door to this evidence, Defendants may cross-examine her.

K.   Thomas' Application for Social Security Disability Benefits

Thomas asks the Court to exclude any evidence of her application for and denial of social security disability benefits, arguing this evidence is not relevant. [55] at 3. Moore argues this evidence is relevant because Thomas filed the application before the accident and because Thomas states, "she was in such a poor physical state that she needed to apply for social security disability due to 'fibromyalgia,' and 'arthritis.'" [56] at 5. This evidence, Moore contends, undermines Thomas' claim for damages. *Id.* The Court agrees this evidence is relevant to damages as it goes to Thomas' physical well-being before the accident and denies the motion on this topic.

---

[6] This request would seem to exclude mention of Allstate and conflicts with Thomas' opposition of Defendants' motions.

L.  Thomas' Handicap Tag

Thomas requests that the Court exclude mention of her handicap tag on her vehicle along with evidence of any disability she may have had before her to accident. [55] at 3. Moore agrees to not mention the handicap tag but argues the Court should allow evidence of her disability. [56] at 5-6. The Court grants the motion as to the handicap tag but will allow evidence of Thomas' disability as it relates to damages.

M.  Thomas' Opinion on her Injury

Thomas asks the Court to exclude her deposition testimony as improper lay opinion testimony where she testified her injuries in the accident were limited to her left shoulder. [55] at 3-4. Moore responds that Thomas' argument, "taken to its logical conclusion," would mean Thomas could not testify about her own injuries. [56] at 6. The Court does not believe Thomas is seeking to exclude her own testimony as to her injuries, but the specific statements she made in her deposition. Rather than seeking to exclude her own lay testimony, Thomas wants the Court to preclude Defendants from impeaching her with these statements. The Court will not do so. These statements are admissible as prior statements under Federal Rule of Evidence 613 and as an opposing party statements under Rule 801(d)(2). The Court denies motion as to Thomas' deposition testimony.

N.  Thomas' Attorney's Referral to Visions Physical Therapy

Thomas asks the Court to exclude all references to the fact that her attorney referred her to a physician at Visions Physical Therapy by her attorney. [55] at 4.

She contends this "calls for privileged communication between attorney and client," is not relevant under Federal Rule of Evidence 402, confuses the issues, and is more prejudicial than probative under Rule 403. *Id.* Moore argues that this evidence is relevant as Thomas disclosed during her deposition that Visions Physical Therapy was "under contract" with her attorney's firm and would "not bill until after the settlement." [56-1] at 57:9-20. The Court agrees that evidence that her physician may have had a financial interest in this lawsuit and any potential settlement is relevant to how he may have treated any injuries she sustained. Thomas has not explained how this evidence would confuse the issues or unfairly prejudice her. And even if it "calls for privileged communication," Thomas waived this privilege by disclosing it during the deposition. *See Nguyen v. Excel Corp.*, 197 F.3d 200, 206 (5th Cir. 1999) ("A client waives the attorney-client privilege . . . by failing to assert it when confidential information is sought in legal proceedings."); *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 134 (E.D. Tex. 2003) (citing *In re Auclair*, 961 F.2d 65, 69 5th Cir. 1992) ("Disclosure of attorney-client communications to a third party who lacks a common interest waives the attorney-client privilege."). Finding this evidence relevant and not privileged, the Court denies Thomas' motion.

VI. Conclusion

The Court has considered all the arguments set forth by the Parties. Those arguments not addressed would not have changed the outcome of the Court's decision. For these reasons, the Court GRANTS Moore's Motion *in Limine* to

Exclude Reference to Allstate [52]. All mention of Allstate as a party and its role here will be excluded from reference before the venire and jury.

The Court further DENIES Moore's Motion *in Limine* to Exclude Plaintiff from Seeking Damages for Medical Treatment Not Related to the Accident [53].

The Court further GRANTS Allstate's Motion *in Limine* [54]. All reference to Allstate's role in the litigation, any offers of settlement, and any reference to Allstate's Motion *in Limine* [54] are excluded from trial.

The Court further GRANTS IN PART and DENIES IN PART Thomas' Motion *in Limine* [55]. The following evidence is excluded: (1) any taxes that any recovery may or may not be subject to; (2) the date Thomas retained counsel; (3) Thomas' attorney's advertising; (4) Thomas' criminal activity not admissible under Federal Rule of Evidence 609; (5) references to Thomas' injuries from an accident involving a drunk driver over 20 years ago; (6) references to Thomas' stroke occurring over eight years ago; (7) all mention of any motion *in limine* and ruling thereon filed in this action; (8) all documents not produced during discovery, except for those used solely for impeachment purposes; (9) all reference to Thomas' liability insurance coverage, health insurance coverage, or any assignment of benefits, unless Thomas may open the door to cross-examination; and (10) the handicap tag on Thomas' vehicle at the time of the accident.

SO ORDERED this the 8th day of July, 2021.

*/s Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE